# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  **v.**                                            **Case No. 97-CR-225**

**JOE LEVERETTE**
    **Defendant.**

---

## DECISION AND ORDER

Defendant Joe Leverette moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). In its response, the government indicates that it leaves resolution of the matter to the sound discretion of the court. For the reasons that follow, I will grant the motion and reduce the prison sentence to time served.

**I.**

Defendant pleaded guilty to conspiracy to possess with intent to distribute in excess of five kilograms of cocaine, and on March 12, 1999, Judge Randa sentenced him to 360 months in prison, the low end of his (then mandatory) guideline range, followed by 5 years of supervised release. Now 54 years old, defendant has been in custody since July 1998. He is currently serving his sentence at FCI Victorville Medium, with a projected release date of January 29, 2024. (R. 254 Ex. A.) It appears he has done well in prison, avoiding serious discipline, working for UNICOR, and completing significant programming, including college courses. (R. 248-4, 248-6, 253-2, 253-3.)

Defendant grounds his motion for release on the COVID-19 pandemic, to which he is particularly susceptible due to multiple health issues, including chronic kidney disease,

hypertension, and hyperlipidemia. He is also significantly overweight, suffers from sleep apnea, and uses a CPAP machine to help breathe at night. (E.g., R. 256 at 14.)

**II.**

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The statute does not define the term "extraordinary and compelling reasons." Rather, Congress delegated that task to the Sentencing Commission. See 28 U.S.C. § 994(t). The Commission's policy statement provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)   (A) extraordinary and compelling reasons warrant the reduction . . .
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The commentary to the policy statement indicates that extraordinary and

2

compelling reasons exist under these circumstances:

> (A) Medical Condition of the Defendant.—
>
> > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> >
> > (ii) The defendant is—
> >
> > > (I) suffering from a serious physical or medical condition,
> > >
> > > (II) suffering from a serious functional or cognitive impairment, or
> > >
> > > (III) experiencing deteriorating physical or mental health because of the aging process,
> >
> > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
> > (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
> >
> > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

The Commission has not updated the policy statement, which purports to require a

3

motion from the director of the Bureau of Prisons, see U.S.S.G. § 1B1.13 cmt. n.4, since the passage of the First Step Act, which allowed defendants to bring their own motions. "As a result, a growing consensus of courts across the country have concluded that, after the First Step Act, the Commission's policy statement does not constrain a court's independent assessment of whether extraordinary and compelling reasons warrant a sentence reduction under § 3582(c)(1)(A)." United States v. Somerville, No. 2:12-CR-222-NR, 2020 U.S. Dist. LEXIS 93935, at *15 (W.D. Pa. May 29, 2020). Giving the statutory terms their ordinary meaning, a defendant seeking compassionate release would need to demonstrate that his situation is extraordinary, i.e., beyond what is usual, customary, regular, or common, and his need for release compelling, i.e., irreparable harm or injustice will result if relief is not granted. United States v. Scott, No. 17-CR-156, 2020 U.S. Dist. LEXIS 85554, at *20 (E.D. Wis. May 15, 2020).

If the court decides that extraordinary and compelling reasons have been shown, it must also consider the applicable § 3553(a) factors to determine whether the sentence should be modified. Those factors include: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for the sentence imposed to provide just punishment, deterrence, protection of the public, and correctional treatment; (3) the kinds of sentences available; (4) the sentencing guideline range; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to the victims of the offense. 18 U.S.C. § 3553(a). In some cases, a court may find that the relevant § 3553(a) factors outweigh the extraordinary and compelling reasons warranting compassionate release and/or that release would undermine the goals of the original sentence. United States v. Bartlett, No. 06-CR-273, 2020

4

U.S. Dist. LEXIS 101393, at *13-14 (E.D. Wis. June 9, 2020).

**III.**

Defendant made a request for compassionate release to the warden, and more than 30 days have elapsed. (R. 254 Ex. D.) Accordingly, he has satisfied the statute's "exhaustion" requirement.

On the merits, defendant seeks release due to his heightened risk of severe illness from COVID-19. "Courts around the country have granted compassionate release where the defendant suffers from a serious condition that increases the likelihood of severe consequences from COVID-19." United States v. Brooks, No. 07-cr-20047-JES-DGB, 2020 U.S. Dist. LEXIS 85671, at *14 (C.D. Ill. May 15, 2020). As indicated, defendant suffers from a number of conditions, including chronic kidney disease, which according to the CDC places him at increased risk.[1] He also presents a letter from Dr. Joseph Eichenseher, who indicates based on a review of defendant's medical records that "due to his age, history of stage III kidney disease. . ., and obesity he is at markedly increased risk of developing a severe COVID-19 infection that may require hospitalization and could be fatal." (R. 254 Ex. C.) See, e.g., United States v. Berry, No. 09-CR-90-JPS, 2020 U.S. Dist. LEXIS 123947 (E.D. Wis. July 15, 2020) (granting release to inmate who suffered from a number of conditions including kidney disease, obesity, and hypertension); United States v. Harris, No. 06-cr-30058, 2020 U.S. Dist. LEXIS 112230 (C.D. Ill. June 26, 2020) (granting release to 50 year old inmate diagnosed with chronic kidney disease, obesity, and hypertension); United States v. Kamps, No. 16-CR-177, 2020 U.S. Dist. LEXIS 83268 (E.D. Wis. May 12, 2020) (granting release to inmate with

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html.

5

hypertension, obesity, and kidney disease).

The § 3553(a) factors pose no barrier to relief. Defendant has served 22 years in prison for a non-violent drug trafficking offense, sufficient to provide just punishment. He is now 54, an age when recidivism rates significantly decline. See U.S. Sentencing Commission, The Effects of Aging on Recidivism Among Federal Offenders, at 23 (Dec. 2017). Given his good conduct and rehabilitative efforts in prison, it appears that granting release would not endanger the public. U.S.S.G. § 1B1.13(2). Finally, he appears to have a solid release plan in place. (R. 254 at 23-24.)

**IV.**

**THEREFORE, IT IS ORDERED** that defendant's motion for compassionate release (R. 254) is granted, and the prison sentence is reduced to time served. All other terms and conditions of the original sentence remain as previously fixed. An amended judgment shall issue consisted with this order.

**IT IS FURTHER ORDERED** that defendant's motion to reduce sentence under the First Step Act (R. 248) is denied as moot.

Dated at Milwaukee, Wisconsin, this 20th day of July, 2020.

s/ Lynn Adelman
LYNN ADELMAN
District Judge